IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ZARZINE WARDLAW #204-979<br>     Plaintiff | * | |
| v. | * | CIVIL ACTION NO. AMD-03-1981 |
| WILLIAM MULLEN<br>     Defendant | * | |
| | *** | |

## MEMORANDUM

Plaintiff, a Maryland Division of Correction ("DOC") prisoner currently confined at the Western Correctional Institution in Cumberland ("WCI"), seeks money damages based on allegations that his civil rights were violated when defendant William Mullen, a DOC officer, beat and kicked him during the evening of May 30, 2003, causing a shoulder dislocation and other injuries requiring treatment at a community emergency room. The case now is before the court on defendant's unopposed motion to dismiss or, in the alternative, motion for summary judgment (Paper No. 16), which shall be treated as a motion to dismiss. No hearing is needed to determine the outcome of this litigation. *See* Local Rule 105.6 (D. Md. 2004).

In his answer and dispositive motion, defendant argues that the complaint is subject to dismissal for the failure to exhaust administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In addition, the high court has recently explicated the requirement of exhaustion, finding that

prisoners must complete the administrative review process, using all steps that the agency holds out, and do so properly. It concluded that proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *See Woodford v. NGO*, __ S.Ct.__, 2006 WL 1698937, * 5 (U.S. June 22, 2006).

Plaintiff's complaint falls under the exhaustion prerequisites of § 1997e(a), and his claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement, or that defendant has forfeited his right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 2004 WL 1205695 (4th Cir. June 2, 2004) (per curiam). There is no dispute that plaintiff has failed to complete the exhaustion process by raising all his claims at each and every level of the DOC's ARP process, *e.g.*, prison, headquarters, Inmate Grievance Office, and state court levels. Although an Eighth Amendment violation may have occurred with regard to the incident raised in the complaint,[*] plaintiff's failure to pursue administrative remedies now blocks federal court examination as to the merits of his claim.

For the aforementioned reasons, the court shall grant defendant's motion to dismiss and shall close this case. An order follows.

_____/s/_____
Andre M. Davis
United States District Judge

6/29/06

---

[*]The Court notes that defendant failed to provide an affidavit concerning the night in question and further failed to provide the videotape that allegedly would confirm that he did not enter plaintiff's cell block that night. Had the court been able to examine the merits of the case, summary judgment would have been denied.